IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.                                                    19-CR-6187

KWESI NOBLE,

Defendant.

---

## PLEA AGREEMENT

The defendant, KWESI NOBLE, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

### I.    THE PLEA AND POSSIBLE SENTENCE

1.    The defendant agrees to waive indictment and to plead guilty to a four-count Information which charges violations of Title 18, United States Code, Section 922(g)(1) (felon in possession of firearm), for which the maximum possible sentence is a term of imprisonment of 10 years, a fine of $250,000, a mandatory $100 special assessment and a term of supervised release of 3 years. The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing.

2.    The defendant will also admit the Forfeiture Allegation of the Information which alleges that one (1) Phoenix Arms, Model HP, .22 caliber pistol, bearing serial number 4235782, and 9 rounds of .22 caliber ammunition (Winchester), are subject to forfeiture to the

United States pursuant to Title 18, United States Code, Sections 924(d), 3665 and Title 28, United States Code, Section 2461(c).

3.    The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 8 years, without credit for time previously served on supervised release. As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in ¶ 1 of this agreement.

## II.    ELEMENTS AND FACTUAL BASIS

4.    The defendant understands the nature of the offenses set forth in ¶ 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crimes:

First, that the defendant knowingly possessed a firearm, as charged in the Information;

Second, at the time the defendant possessed the firearm, the defendant had previously been convicted of a crime punishable by imprisonment for a term exceeding one year;

Third, at the time the defendant possessed the firearm, the defendant knew that he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year; and

Fourth, that the possession of the firearm was in or affecting commerce.

## FACTUAL BASIS

5.     The defendant and the government agree to the following facts, which form the

basis for the entry of the pleas of guilty including relevant conduct:

a.     On or about July 1, 2019, in the Western District of New York, the defendant, **KWESI NOBLE**, knowing that he had been previously convicted of a crime punishable by imprisonment for a term exceeding one year, unlawfully did knowingly possess, in and affecting commerce, a firearm, namely, one (1) Anderson Manufacturing, Model AM-15, .223/5.56 caliber rifle, bearing serial number 37653F13. The defendant admits he sold said firearm to another individual in exchange for $900 United States currency.

b.     On or about July 12, 2019, in the Western District of New York, the defendant, **KWESI NOBLE**, knowing that he had been previously convicted of a crime punishable by imprisonment for a term exceeding one year, unlawfully did knowingly possess, in and affecting commerce, a firearm, namely, one (1) Hi-Point, Model 995, 9mm rifle, bearing serial number A38737, which was loaded with two rounds of 9mm ammunition. The defendant admits he sold said firearm to another individual in exchange for $900 United States currency.

c.     On or about July 15, 2019, in the Western District of New York, the defendant, **KWESI NOBLE**, knowing that he had been previously convicted of a crime punishable by imprisonment for a term exceeding one year, unlawfully did knowingly possess, in and affecting commerce, a firearm, namely, one (1) Sun City Machinery, Model Stevens 320, 12 gauge shotgun, bearing serial number 155466N, which was loaded with two rounds of 12 gauge Federal ammunition. The defendant admits he sold said firearm to another individual in exchange for $500 United States currency.

d.     On or about September 10, 2019, in the Western District of New York, the defendant, **KWESI NOBLE**, knowing that he had been previously convicted of a crime punishable by imprisonment for a term exceeding one year, unlawfully did knowingly possess, in and affecting commerce, a firearm, namely, one (1) Phoenix Arms, Model HP, .22 caliber pistol, bearing serial number 4235782, which was loaded with a total of nine (9) rounds of Winchester .22 caliber ammunition. Specifically, when law enforcement approached the defendant to arrest him on an arrest warrant, the defendant fled and threw the loaded pistol over a fence.

e.     On or about March 21, 2013, the defendant, **KWESI NOBLE**, was convicted in County Court, Monroe County, New York, of a crime

punishable by imprisonment for a term exceeding one year, namely, Criminal Possession of a Weapon in the Second Degree, a class C felony, for which the defendant was sentenced to 42 months imprisonment and 30 months post-release supervision. The defendant admits that he knew of this previous felony conviction – and the fact that the conviction was punishable by a term of imprisonment exceeding one year – at the times he possessed the firearms described in ¶¶ 5(a)-(d), above.

f. Neither the State of New York, nor any other government authority, has restored the rights of the defendant to lawfully possess a firearm.

g. The above-referenced firearms were manufactured outside the state of New York and, therefore, had previously traveled in and affected interstate commerce.

### III. SENTENCING GUIDELINES

6. The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

### BASE OFFENSE LEVEL

7. The government and the defendant agree that Guidelines § 2K2.1(a)(6) applies to the offenses of conviction and provides for a base offense level of 14.

### SPECIFIC OFFENSE CHARACTERISTICS
### U.S.S.G. CHAPTER 2 ADJUSTMENTS

8. The government and the defendant agree that the following specific offense characteristics do apply:

a. the two-level increase pursuant to Guidelines § 2K2.1(b)(1)(A) (offense involved 3-7 firearms); and

b. the four-level increase pursuant to Guidelines § 2K2.1(b)(5) (defendant engaged in trafficking of firearms).

## ADJUSTED OFFENSE LEVEL

9.     Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for the offenses of conviction is 20.

## ACCEPTANCE OF RESPONSIBILITY

10.     At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level decrease of Guidelines § 3E1.1(a) (acceptance of responsibility) and further agrees to move the Court to apply the additional one (1) level decrease of Guidelines § 3E1.1(b), which would result in a total offense level of 17.

## CRIMINAL HISTORY CATEGORY

11.     It is the understanding of the government and the defendant that the defendant's criminal history category is II. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw the pleas of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

12.     It is the understanding of the government and the defendant that, with a total offense level of II and criminal history category of 17, the defendant's sentencing range would be a term of imprisonment of 27 to 33 months, a fine of $10,000 to $95,000, and a period of supervised release of 1 to 3 years. Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the maximum penalties set forth in ¶ 1 of this agreement.

13.     Notwithstanding the above calculations, and based upon the facts sets forth in ¶ 21, it is the agreement of the parties pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure that the Court at the time of sentence impose an **84-month term of imprisonment** as part of the appropriate sentence in this case. If, after reviewing the Pre-Sentence Investigation Report, the Court rejects this agreement, the parties will be relieved of their other obligations under this agreement and the defendant shall then be afforded the opportunity to withdraw the pleas of guilty. If, after reviewing the presentence report, the Court rejects this agreement, the government may move to vacate the plea agreement. If the government moves to vacate the agreement, the defendant's pleas shall be deemed withdrawn. This agreement does not affect the amount of a fine, the amount of restitution, or the length and conditions of a term of supervised release that may be imposed by the Court at sentencing.

14.     The government and the defendant agree to the Sentencing Guidelines calculations set forth in this agreement and neither party will advocate or recommend the application of any other Guideline, or move for any Guidelines departure, or move for or recommend a sentence outside the Guidelines, except as specifically set forth in this agreement. A breach of this paragraph by one party will relieve the other party of any agreements made in this plea agreement with respect to sentencing motions and recommendations. A breach of this paragraph by the defendant shall also relieve the government from any agreements to dismiss or not pursue additional charges.

15.     The defendant understands that, except as set forth in ¶ 13, above, the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and

the defendant will not be entitled to withdraw the pleas of guilty based on the sentence imposed by the Court.

## IV.  STATUTE OF LIMITATIONS

16.    In the event the defendant's pleas of guilty are withdrawn, or convictions vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any federal criminal offense which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty pleas or vacating of the convictions becomes final.

## V.  REMOVAL

17.    The defendant represents that he is a citizen of the United States. However, if the defendant is not a citizen of the United States, the defendant understands that, if convicted, the defendant may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

## VI.  GOVERNMENT RIGHTS AND OBLIGATIONS

18.    The defendant understands that the government has reserved the right to:

a.    provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offenses charged, the circumstances surrounding the charge and the defendant's criminal history;

b.   respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

c.   advocate for a specific sentence consistent with the terms of this agreement including the amount of restitution and/or a fine and the method of payment; and

d.   modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor.

19.   At sentencing, the government will move to dismiss the Criminal Complaint pending against the defendant under Magistrate's No. 17-MJ-680.

20.   The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

21.   It is the understanding of the government and the defendant that, in exchange for the defendant's guilty pleas in this case, the Monroe County District Attorney's Office will dismiss any pending criminal charges relating to the defendant's possession of a firearm and ammunition on September 10, 2019.

## VII.   APPEAL RIGHTS

22.   The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment,

a fine and supervised release set forth in Section III, ¶ 12, above, notwithstanding the manner in which the Court determines the sentence. In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

23.     The defendant understands that by agreeing not to collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

24.     The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 12, above, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VIII.   FORFEITURE PROVISIONS

### FIREARMS AND AMMUNITION FORFEITURE

25.     The defendant acknowledges that the defendant is the owner and/or exercised dominion and control of the firearm and ammunition described below and agrees to the immediate entry of a Preliminary Order of Forfeiture pursuant to Title 18, United States Code, Sections 924(d), 3665 and Title 28, United States Code, Section 2461(c) against the following property:

a.     one (1) Phoenix Arms, Model HP, .22 caliber pistol, bearing serial number 4235782; and

b.     9 rounds of .22 caliber ammunition (Winchester).

26.    After the acceptance of the defendant's guilty pleas, and pursuant to Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the Court will issue a Preliminary Order of Forfeiture for the items listed above. The defendant hereby waives any right to notice of such Preliminary Order of Forfeiture. The defendant further consents and agrees that the Preliminary Order of Forfeiture and a Final Order of Forfeiture shall issue and become final as to the defendant prior to sentencing and agrees that it shall be made part of the defendant's sentence and included in the judgment pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure. The defendant further agrees to waive any time restrictions or requirements as provided in Title 18, United States Code, Section 983, any notice provisions in Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

27.    The defendant acknowledges that the defendant understands that the forfeiture of property is part of the sentence that may be imposed in this case and waives any failure by the Court to advise the defendant of this, pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure, at the time the guilty pleas are accepted. Forfeiture of the defendant's property shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

28.     The defendant knowingly, intelligently, and voluntarily waives his right to a jury trial on the forfeiture of the assets. The defendant knowingly, intelligently, and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of these assets in any proceeding, including any jeopardy defense or claim of double jeopardy, whether constitutional or statutory, as to this criminal proceeding or any related civil or administrative proceeding. The defendant further agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine regarding the forfeiture of assets by the United States.

## IX.    TOTAL AGREEMENT AND AFFIRMATIONS

29.     This plea agreement represents the total agreement between the defendant, KWESI NOBLE, and the government.  There are no promises made by anyone other than those contained in this agreement.  This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

JAMES P. KENNEDY, JR.
United States Attorney
Western District of New York

BY:    _____
KATELYN M. HARTFORD
Assistant United States Attorney

Dated:  November 22, 2019

I have read this agreement, which consists of pages 1 through 12. I have had a full opportunity to discuss this agreement with my attorney, Jeffrey L. Ciccone, Esq. I agree that it represents the total agreement reached between me and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my pleas of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

_____
KWESI NOBLE
Defendant

Dated:  November 22, 2019

_____
JEFFREY L. CICCONE, ESQ.
Attorney for the Defendant

Dated:  November 22, 2019