UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

———————————————————————

KWESI NOBLE,

                       Petitioner,

v.

UNITED STATES OF AMERICA,

                       Respondent.

———————————————————————

Case # 19-CR-6187-FPG
     # 20-CV-6849-FPG

DECISION AND ORDER

## INTRODUCTION

This is a proceeding pursuant to 28 U.S.C. § 2255 commenced *pro se* by Kwesi Noble ("Noble" or "Petitioner"), a prisoner in federal custody. Noble is currently serving a sentence of 84 months' imprisonment after pleading guilty, pursuant to Fed. R. Crim. P. 11(c), to four counts of 18 U.S.C. § 922(g)(1). ECF Nos. 18, 29. In a Decision and Order entered August 13, 2021, ECF No. 67, this Court denied Noble's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255, ECF No. 35. Noble now has filed a Motion for Reconsideration, ECF No 69; a Motion for Miscellaneous Relief, ECF No. 72; and a Motion for Default Judgment, ECF No. 73. For the reasons discussed below, these motions (ECF Nos. 69, 72 & 73) are DENIED.

## BACKGROUND

The factual background and procedural history of Noble's criminal proceedings were set forth in the Court's Decision and Order denying the § 2255 Motion on the merits, ECF No. 67, and need not be repeated here.

In the Motion for Reconsideration, ECF No. 69, Noble raises a host of arguments as to why his guilty plea was involuntary, his trial counsel was ineffective, and he was denied due process by the Government's failure to comply with its disclosure obligations. Respondent filed a

1

Response, ECF No. 71, urging denial of reconsideration since Noble's arguments were previously raised in his § 2255 Motion and denied on the merits by this Court.

Noble subsequently filed a "Motion Ex Maleficio for the Wrongdoing, Tort of Misconduct by Virtue of an Illegal Act Malfeasance, Wrongdoing by Officer of the Court to Dismiss all Present, Pendening [sic] Charges for Good Cause/Alter and Amend Judgement, Vacate Judgement," ECF No. 72, which was docketed by the Clerk of Court as a Motion for Miscellaneous Relief. Noble's allegations are somewhat difficult to understand but he appears to be rearguing his claims for reconsideration. He also demands immediate release from custody because his arrest was unlawful. He then filed a Motion for Default Judgment, ECF No. 73, based on Respondent's purported failure to meet the filing deadline set by the Court for responding to the Motion for Reconsideration. Noble also submitted a Reply, ECF No. 74, and an Addendum to Reply, ECF No. 75, to the Government's Response, ECF No. 71. Finally, Noble submitted a Letter in Support, ECF No. 76, of his Motion for Reconsideration.

## DISCUSSION

### I. Motion for Reconsideration (ECF No. 69)

Fed. R. Civ. P. 59(e) ("Rule 59(e)") allows a litigant to move "to alter or amend a judgment" within 28 days from entry of the judgment or order at issue. The deadline is strict, without possibility of an extension. *See* Fed. R. Civ. P. 6(b)(2). The Supreme Court has explained that Rule 59(e) applies in federal habeas proceedings, as they are civil in nature. *Banister v. Davis*, 140 S. Ct. 1698, 1702-03 (2020). In contrast to motions to vacate under Fed. R. Civ. P. 60(b), Rule 59(e) motions for reconsideration do not count as a second or successive habeas application subject to the gatekeeping provisions of the Anti-terrorism and Effective Death Penalty Act ("AEDPA"). *Id.* at 1705; *see also id.* at 1708 ("The upshot, after AEDPA as before, is that Rule 59(e) motions are not second or successive petitions, but instead a part of a prisoner's first habeas proceeding.");

2

The Court's Decision and Order denying the § 2255 Motion was entered on August 13, 2021. ECF No. 67. Rule 59(e)'s 28-day deadline expired on Friday, September 10, 2021. It is unclear when Noble turned over his Motion for Reconsideration to prison officials for mailing, since he photocopied a certificate of service from a previously filed reconsideration motion, ECF No. 66, dated February 10, 2021, *see* ECF No. 69 at 22. However, there is no question that ECF No. 69 was filed within the 28-day deadline since it was entered on the Court's docket on August 30, 2021.

The standard for granting a Rule 59(e) motion "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir.1995) (citations omitted). "The major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure § 4478 at 790). In the context of a motion for reconsideration, district courts in this Circuit have stated that "'manifest injustice' is defined as 'an error committed by the trial court that is direct, obvious, and observable[.]'" *Corpac v. Rubin & Rothman, LLC*, 10 F. Supp. 3d 349, 354 (E.D.N.Y. 2013) (quoting *Idowu v. Middleton*, No. 12cv1238 (BSJ) (KNF), 2013 WL 371657, at *1 n.1 (S.D.N.Y. Jan. 31, 2013); further quotation and citation omitted).

In his Motion for Reconsideration, ECF No. 69, Noble asserts that (1) his guilty plea was involuntary for numerous reasons, including that he was misinformed about his sentence, lied to about the existence of state weapons charges, was not notified about a confidential informant, and

was misled about the consequences of pleading guilty, *see* ECF No. 69 at 1-10; (2) trial counsel was ineffective because, among other things, he failed to advise Noble about a confidential informant, was acting in concert with the prosecutor to fabricate a state weapons charge, failed to advise Noble about an open plea option, and failed to file a notice of appeal, *see id.* at 11-18; and (3) the Government violated its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), by failing to disclose the existence of a confidential informant, *see id.* at 18-21.

A comparison of Noble's Motion for Reconsideration, ECF No. 69, with the § 2255 Motion, ECF No. 35, reveals that they set forth the same factual allegations and legal arguments. Indeed, in both applications, Noble denominated the involuntariness claim as Ground One, the ineffectiveness claim as Ground Two, and the *Brady* claim as Ground Three. *Compare* ECF No. 35 *with* ECF No. 69. As detailed in the Government's Response, *see* ECF No. 71 at 5-18, the Court already rejected the same claims based upon the same factual allegations and legal arguments. It is "well-settled" that reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)); *see also Banister*, 140 S. Ct. at 1708 ("'[R]econsideration' means just that: Courts will not entertain arguments that could have been but were not raised before the just-issued decision.").

According to Noble, he has "newly discovered evidence" that the state weapons charge that was resolved as part of his guilty plea in this Court was fabricated. He states that "after talking to [Rochester] City Court, Criminal Division . . . the criminal division made it known the Monroe County DA would not have persued [sic] any charges, due to the fact those charges were drop [sic] back in October of 2019," before his guilty pleas in federal court. *Id.* at 7. Noble insists that "[he]

4

was misinformed about receiving a 40 year sentence in federal prison to be ran [sic] consecutive to 7 years in state prison if he did not plead guilty, which was inaccurate." *Id.* at 1. Noble speculates that, even had he been convicted after trial, he would have only received a sentence in the range of 46 months to 10 years. *Id.* 1-2, 8-10.

As the Government points out, Noble has failed to submit any documentation in support of these allegations. All he has submitted is a notice from the Monroe County District Attorney's Office indicating that the charges of Criminal Possession of a Weapon in the Second Degree and Criminal Possession of a Weapon in the Third Degree arising from the September 10, 2019 incident were dismissed on December 27, 2019, approximately one month after Noble entered his plea of guilty in federal court. ECF No. 69-1 at 11. Thus, his "new evidence" contradicts his allegation that the state weapons charge was dismissed prior to his guilty plea.

In any event, as discussed at length in the Court's previous Decision and Order, dismissal of the state weapons charge was expressly contemplated by the plea agreement. As part of his Rule 11(c)(1)(C) plea agreement, ECF No. 18, Noble agreed to a non-Guidelines sentence of 84 months in exchange for the state foregoing prosecution on the weapons charge which, upon conviction, would have resulted in a seven-year mandatory minimum sentence to be served consecutively to any sentence imposed for the federal charges. *See id.* at 8, ¶ 21 ("[I]n exchange for the defendant's guilty pleas in this case, the Monroe County District Attorney's Office will dismiss any pending criminal charges relating to the defendant's possession of a firearm and ammunition on September 10, 2019."). As set forth in his affidavit, ECF No. 42, trial counsel met with Noble in person on November 4, 2019, and explained each section of the plea agreement to him, including the provision regarding the disposition of the state weapons charge. On November 22, 2019, prior to accepting Noble's guilty plea, the Court reviewed the plea agreement's provisions with Noble at

length and answered his questions. ECF No. 48 at 13-17, 19. The Court ascertained that Noble understood all aspects of the plea agreement, including that the weapons charge was pending in state court and what his sentence would be if he were convicted of that charge. *Id.*

The PSR also noted that the Rule 11(c)(1)(C) plea agreement would satisfy the weapons charges in state court. ECF No. 22, ¶ 21. In its sentencing statement, the Government informed the Court that, "[a]s anticipated, and as discussed on the record at defendant's plea hearing on November 22, 2019, state charges that were pending before the Monroe County Grand Jury were dismissed after and as a direct result of the defendant's plea of guilty in this case. Said state charges carried a mandatory minimum sentence of 7 years (84 months), and said dismissal occurred as a direct result of, and as consideration for, the negotiated plea in this case." ECF No. 24 at 1-2.

In his subsequently filed sentencing statement, Noble acknowledged that the sentence of 84 months was above his applicable Guidelines range but that he agreed to it based on the dismissal of the state weapons charges which were pending before a Monroe County Grand Jury and which exposed him to a mandatory minimum consecutive 7-year sentence. ECF No. 25 at 1. Noble explicitly stated that he had no objections to the PSR and requested a sentence of 84 months. *Id.* at 2.

Then, at sentencing on February 24, 2020, the Court again reviewed the dismissal of the state weapons charges and the mandatory minimum sentence Noble faced if convicted. ECF No. 32 at 12. At no time during that hearing did Noble object or indicate that he did not understand the basis for the 84-month sentence.

The overwhelming evidence in the record reflects that Noble indeed was charged in state court with weapons offenses that carried a mandatory minimum consecutive 7-year sentence, and that there was no agreement or conspiracy by trial counsel and state and federal authorities to

fabricate such state charges. In addition, the record conclusively establishes that Noble was correctly informed numerous times that guilty plea with an above-Guidelines aggregate sentence of 84 months was in exchange for the state's dismissal of the weapons charges and allowed him to avoid a mandatory 7-year minimum of consecutive state prison time. Noble's belated assertion that he was "misinformed" about his guilty plea and sentence is undeserving of any credence given his statements, made under oath in open court, confirming that he understood and agreed with the guilty plea's provisions and the basis for the 84-month sentence. *See United States v. Juncal*, 245 F.3d 166, 171 (2d Cir. 2001) (defendant's sworn statements "carr[y] such a strong presumption of accuracy that a district court does not, absent a substantial reason to find otherwise, abuse its discretion in discrediting later self-serving and contradictory testimony").

Noble has not identified any controlling law that the Court overlooked, or that there has been intervening change of controlling law. Therefore, he has not justified reconsideration on that basis. Noble also has not demonstrated any error in the Court's Decision denying relief under § 2255, much less an error that was "direct, obvious, and observable," and therefore he cannot demonstrate that reconsideration is necessary to correct a "manifest injustice." Accordingly, the Motion for Reconsideration, ECF No. 69, is DENIED as meritless.

II.     **Motion for Miscellaneous Relief (ECF No. 72)**

Noble's Motion for Miscellaneous Relief, ECF No. 72, was filed on October 13, 2021. *Id.* at 3. Noble asserts that "[e]xigent circumstances . . . demand the courts [sic] immediate action . . . [t]o release the prisoner immediately because (1) the Exigent circumstances in relation to justification for the unjustified warrantless arrest of the movant by the police who had (CI) confidential informant not authorized by the court and later stated by the court that this (CI) was non-existent." *Id.* at 1-2 (capital letters and underlining omitted). He also reiterates his complaints, raised in the § 2255 Motion and Motion for Reconsideration, about trial counsel's performance,

the alleged involuntariness of his guilty plea, and his sentence. The legal basis for this application is unclear; he states that he "moves this court pursuant to the Federal Rules of [C]ivil Procedure to vacate the present sentence for good cause," *id.* at 1, but does not identify a particular Rule.

Because the Motion for Miscellaneous Relief seeks to modify the criminal judgment against Noble but was not brought within the 28-day time frame required for a motion to alter the judgment under Rule 59(e), the Court construes it as being brought pursuant to Fed. R. Civ. P. 60(b). *See Ass'n for Retarded Citizens of Connecticut, Inc. v. Thorne*, 68 F.3d 547, 553 (2d Cir. 1995) (treating motion for modification of the judgment as brought under Rule 60(b) "because the motion would have been untimely under Rule 59," and therefore "Rule 59(e) . . . [is] inapplicable") (citing *In re Burnley*, 988 F.2d 1, 3 (4th Cir. 1992); other citations omitted).

The Second Circuit has held that a § 2255 petitioner cannot use Rule 60(b) to mount a collateral challenge to the underlying criminal conviction. *See, e.g., Harris v. United States*, 367 F.3d 74, 77 (2d Cir. 2004) (strictly limiting the use of Rule 60(b) motions in the context of habeas petitions to cases where "the Rule 60(b) motion attacks the integrity of the habeas proceeding and not the underlying criminal conviction"). To do so would allow petitioner to evade the prior circuit authorization requirement in 28 U.S.C. § 2255(h) for second or successive applications for habeas relief. *See, e.g., Avendano v. United States*, No. 02-cr-1059 (LTS), 2014 WL 7236036, at *2 (S.D.N.Y. Dec. 19, 2014) (holding that a petitioner may not circumvent the limits on successive petitions by "re-labeling [a] section 2255 motion[ ]" as one for a writ of *audita querela* or *coram nobis*).

"[A] Rule 60(b) motion that attacks the underlying conviction presents a district court with two procedural options: (i) the court may treat the Rule 60(b) motion as 'a second or successive" habeas petition, in which case it should be transferred to th[e] Court [of Appeals] for possible

8

certification, or (ii) the court may simply deny the portion of the motion attacking the underlying conviction 'as beyond the scope of Rule 60(b).'" *Harris*, 367 F.3d at 82 (quoting *Gitten v. United States*, 311 F.3d 529, 534 (2d Cir. 2002)).

Noble's Motion for Miscellaneous Relief is in fact a "disguised" successive § 2255 motion because he reargues claims raised in the original § 2255 Motion and asserts new grounds for habeas relief, primarily that his arrest on September 10, 2019, was unlawful. As the Supreme Court discussed in the context of § 2254 habeas petitions and Rule 60(b), a motion "that seeks to add a new ground for relief will . . . qualify" as an "application for habeas relief," subject to the restrictions on second or successive habeas petitions, as will an attack on "the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005). Because the Motion for Miscellaneous Relief attacks Noble's underlying conviction, it is "'beyond the scope of Rule 60(b),'" *Harris*, 367 F.3d at 82 (quoting *Gitten*, 311 F.3d at 534), and it is DENIED on that basis.

### III. Motion for Default Judgment (ECF No. 73)

Noble asserts entitlement to default judgment because the Government failed to comply with the Court's deadline of October 1, 2021, for filing its opposition to the Motion for Reconsideration. *See* ECF No. 73 at 1.

Even where the respondent has failed to comply with the court's filing deadline, default judgment has been denied. *See, e.g.*, *Faeth v. Conway*, No. 03-CV-0924 VEB, 2008 WL 10629972, at *1 (W.D.N.Y. Feb. 14, 2008) (denying motion for default judgment "even though respondent technically was in default because he failed to file his responsive pleadings on time")

(citing *Bermudez v. Reid*, 733 F.2d 18, 21-22 (2d Cir.), *cert. denied*, 469 U.S. 874 (1984). Here, there is no basis for finding the Government in default. Service of a pleading may be made by "mailing it to the person's last known address—in which event service is complete upon mailing[.]" Fed. R. Civ. P. 5(b)(2)(C)).

In a text order dated September 1, 2021, ECF No. 70, the Court set a briefing schedule for the Motion for Reconsideration, ordering the Government to respond by October 1, 2021. The Government electronically filed its Response, ECF No. 71, on October 1, 2021. The certificate of service, *id.* at 20, indicates that the Government "caused a copy of the foregoing to be sent, via the United States Postal Service" to Noble at his address of record. Therefore, the response was timely filed and served. *See Greene v. WCI Holdings Corp.*, 136 F.3d 313, 315 (2d Cir. 1998) ("[S]ervice under Rule 5(b) is accomplished when the envelope is deposited at a post office or in a mail box.") (citing *United States v. White*, 980 F.2d 836, 840 n. 8 (2d Cir. 1992) (service effected when papers were mailed regardless of when they were received)). The fact that Noble did not receive it on the due date does not mean the Government failed to comply with the Court's scheduling order. *See id.* at 315 (affirming denial of plaintiff's motion for default judgment where defendant's motion was postmarked and mailed on the filing deadline; holding that "service under Rule 5(b) is accomplished when the envelope is deposited at a post office or in a mail box"). The Motion for Default Judgment, ECF No. 73, is DENIED.

## CONCLUSION

For the foregoing reasons, the Motion for Reconsideration, ECF No. 69, is DENIED; the Motion for Miscellaneous Relief, ECF No. 72, is DENIED; and the Motion for Default Judgment, ECF No. 73, is DENIED. Because Petitioner has not made "a substantial showing of the denial of a constitutional right[,]" 28 U.S.C. § 2253(c)(2), a certificate of appealability is DENIED.

In addition, the Clerk of Court is directed to terminate the previously filed Motion for Reconsideration, ECF No. 66, which the Court denied as moot on August 19, 2021, via text order, ECF No. 68.

IT IS SO ORDERED.

Dated: December 16, 2021
       Rochester, New York

HON. FRANK P. GERACI, JR.
District Judge
United States District Court